HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM F ANTHONY,

                    Plaintiff,

      v.

MASON COUNTY, REBECCA
HERSHA, GRACE B MILLER,
BARBARA A ADKINS,

                Defendant.

CASE NO. C13-5473 RBL

ORDER GRANTING MOTION TO
AMEND AND STRIKE

## I.    INTRODUCTION

THIS MATTER is before the Court on Plaintiff William F. Anthony's motion to amend and strike. Plaintiff Anthony is the owner of a parcel of land in the town of Grapeview, Mason County, Washington. Mason County, its employees Rebecca Hersha, Grace B. Miller, and County Department of Community Development Director, Barbara A. Adkins, are the defendants in this matter. Between 2008 and 2012 Mr. Anthony repeatedly sought a zoning variance in order to construct a new building on his property to serve as a garage and art studio. These efforts were allegedly unjustly denied by Mason County. During his attempts to obtain a building permit from Defendant Mason County, Mr. Anthony, individually and through his attorneys, submitted several requests to Mason County for public records related to his permit

applications.  In the course of the instant litigation, Mr. Anthony submitted discovery requests.

In response, Mason County turned over several emails that were neither produced nor privileged

from his prior public records requests.  In light of these new documents, Mr. Anthony seeks to

amend his complaint and add violations of the Public Records Act RCW 46.52; Mason County

does not consent to the amendment and argues that the amendment is barred by futility.  Because

the amended claims are not barred by Rule 15, the motion is GRANTED.

## II.   BACKGROUND

Plaintiff Anthony is the owner of real property located at 1951 E. Mason Lake Drive E,

Grapeview, Mason County, Washington.  He purchased this property is 2003.  The lot, situated

on the shoreline of Mason Lake, is approximately .59 acres and 98-feet wide and is improved

with a three-bedroom, two-bath home.  The property is zoned as Rural Residential and, as such,

is subject to a side and rear yard setback of 20 feet for residences and accessory buildings.

Mason County Code 17.04.223(d).  There is an exception to this rule for parcels that are less than

100-feet wide which provides a setback "equal to ten percent of the lot width but in no case shall

be less than five feet from the property line."  *Id.*

In 2004, Mr. Anthony applied to Mason County for a permit to construct a 720-square-

foot structure on the southwest portion of his property.  Because of the location of the septic

system and associated drainfield, he placed the building within 8 feet of the western property line

and five feet from the southern property line.  This administrative variance was approved the

same day that it was applied for.  The permit expired in 2006 with no building having taken

place.

In 2008, Mr. Anthony submitted a new administrative variance application that was

essentially a re-submittal of his previously approved application.  Following this application,

Mason County Planning staff, including Defendant Rebecca Hersha allegedly met or spoke with Mr. Anthony's neighbors Forrest and Amy Cooper. The neighbors objected to the proposed structure and personally requested that the administrative variance application be denied. Mr. Anthony alleges that this led Ms. Hersha to become predisposed to denying the permit and that she sought out grounds to reject the application. The application was denied on September 22, 2008.

On October 6, 2008, Mr. Anthony, through his attorney at the time, submitted a public records request for "all records contained in his legal parcel file." A number of records were returned. No privilege log or indication that records were being withheld accompanied the responsive documents.

On October 13, 2008 an additional request was issued for all records that pertained to the construction proposed in 2004 and 2008 including correspondence generated by or received by the planning or building departments. Again responsive documents were returned with no privilege log or indication that records were being withheld.

On April 29, 2011, Mr. Anthony, through his attorney at the time, submitted further public records requests for all records, documents, e-mails and communications of any type and in any form regarding this 2008 building application and variance request. Again responsive documents were returned with no privilege log or indication that records were being withheld.

In March 2012, Mr. Anthony tried again to get a permit to construct the accessory building, this time with greater setbacks. This updated application sought a non-administrative variance from the rear and side yard setbacks, rather than the administrative variance requested in his 2004 and 2008 applications. Again Ms. Hersha was assigned to the application. At a public hearing on July 10, 2012, she recommended denial of the variances. During this hearing,

however, Ms. Hersha allegedly stated that Mr. Anthony's "flag shaped" lot qualified for the side yard setback exception of Mason County Code 17.04.223.  This would allow him to build with 9.8 foot setbacks, ten percent of his lot width.

In response, Mr. Anthony withdrew the application and on July 24, 2012 submitted a modified application with 10 foot setbacks, which did not require a variance.  On August 2, 2012 Ms. Hersha advised that she would not approve the request.  After some correspondence with Defendants, Ms. Adkins notified Mr. Anthony that another planner in the department, Grace Miller, would process the permit application.  Ms. Miller also refused to grant the permit and suggested that because Mr. Anthony's lot had two lot widths it did not qualify for the side yard setback exception.

Mr. Anthony's appeal of this decision included a hearing on November 8, 2012.  At this hearing Ms. Miller allegedly made unsubstantiated statements to justify the "two widths" approach.  She also allegedly argued that lot width was determined by building orientation, in contradiction to materials she had cited to in prior correspondence.

Eventually, on November 26, 2012 the hearing examiner, Phil Olbrechts, rejected the County's argument and reversed the County's denial of the building permit.  Despite this, Defendant Adkins refused to release the building permit until the time for appealing the hearing examiner's decision had expired.  After consulting with the Department of Commerce regarding the legality of withholding the permit, however, she relented and issued the permit.

On June 14, 2013 Mr. Anthony filed this lawsuit against Mason County, Ms. Hersha, Ms. Miller and Ms. Adkins.  He alleges that they singled him out for intentional, discriminatory treatment in violation of the Equal Protection Clause of the Fourteenth Amendment.  In support

of this argument he presents several examples of similarly situated properties that did not receive such treatment.

On November 15, 2013 Mr. Anthony submitted discovery requests to Mason County in the course of the civil rights action against the County.  On January 16, 2014 Mason County provided documents in response to the discovery requests.  These documents included several emails that were responsive to prior public records requests but never produced.  Mr. Anthony alleges that at least two of these emails would have proven critical to his applications and appeals.

### III.      DISCUSSION

**A.      The Motion to Amend is Not Futile.**

Under Federal Rule 15, a party may amend its pleading once within 21 days of service or 21 days after a responsive pleading or a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Beyond that, a party may amend only with written consent from the opposing party or leave of the court.  Fed. R. Civ. P. 15(a)(2).  A court should grant leave "freely . . . when justice so requires," and that policy is "to be applied with extreme liberality."  *Id.*; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).

In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  Among these factors, prejudice to the opposing party carries the greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Here, there is no evidence of undue delay or bad faith; Mr. Anthony only recently discovered information supporting his new claims.  Once this information was discovered he acted in a reasonable time frame to amend his complaint.

Mason County opposes Mr. Anthony's motion to amend as futile because supplemental jurisdiction would be improper and that the statute of limitations would bar the claim.  A strong showing of futility must exist in order for Mason County to overcome the presumption in favor of granting leave to amend.  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1566 (U.S. 2012) (citing *Eminence Capital*, 316 F.3d at 1051).  A proposed "[a]mendment is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

### 1.  Supplemental jurisdiction is properly exercised here.

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy… ."  Nonfederal claims are part of the same case or controversy as federal claims when they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (*citing Finley v. United States*, 490 U.S. 545, 549 (1989)).  Where a plaintiff brings a state law claim against one defendant and a federal claim against another, supplemental jurisdiction may be exercised over the state defendant so long as the state and federal claims arise from a common nucleus of facts. *See Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173-75 (9th Cir. 2002) (holding that the district court could exercise supplemental jurisdiction over defendant employment agency, against which only a state law claim was brought, because the state claim arose from the same

nucleus of facts as the federal RICO claim brought against employment agency's co-defendant); *see also Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1164-65 (10th Cir. 2004) (holding that the district court had supplemental jurisdiction over defendant Jackson Hole, against which only a state wrongful death claim was brought, because the court had original jurisdiction over the FTCA wrongful death claim brought against co-defendant United States, and both claims arose from a common nucleus of facts). "In practice, § 1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection." 13D Wright & Miller, *Federal Practice and Procedure* § 3567.1 (3d ed. 2008).

Because the factual underpinnings of Mr. Anthony's existing and amended claims are interwoven and related to the disparate treatment he alleges, it is proper for the Court to exercise supplemental jurisdiction.  Mason County's arguments that the claim is a novel state issue; that Mr. Anthony's federal claim is likely to be dismissed; and that it is unfair to "pin" public-entity litigants between PRA liability and rule 34 are unpersuasive.

### 2.    The statute of limitations is not likely to make this claim futile.

Mason County argues that the statute of limitations of the PRA will render this claim futile.  The statute reads, "[A]ctions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." RCW 42.56.550.  They argue that because more than a year has elapsed since any public records request or record production, adding the claims is now barred.  This is not a correct application of the law: Washington courts have addressed this in two different ways, both of which would allow the Plaintiff to bring the amended claim.

The Plaintiff points to the Eastern District of Washington's decision in *Reed v. City of Asotin.* 917 F. Supp.2d 1156 (E.D. Wash. 2013).  This case squarely addressed whether PRA

claims were barred when the Plaintiff could not have known about their existence until after the statute of limitations had run.[1]  Applying the logical inconsistency presented, the Court applied an inherent discovery rule.  Thus, the statute of limitations does not begin to run until after materials that were neither produced nor noted as exclusions are discovered.    Under this approach, Mr. Anthony's amendment is timely and not barred.

The Washington Court of Appeals, Div. 1 takes different approach but reaches the same result.  A similar factual scenario arose in *Tobin v. Worden*. 156 Wash. App. 507 (2010).  The Court reasoned there that the limitations period is triggered by one of two events, "(1) the agency's claim of an exemption or (2) the agency's last production of a record on a partial or installment basis." *Id.* at 513 *citing* RCW 42.56.550(6).  Finding the "partial" language to be ambiguous, the Court stated "'partial' production as used in RCW 42.56.550(6) cannot be construed as simply withholding part of a record without explanation… because such a 'partial,' i.e., incomplete, production is not authorized by the PRA." *Id.* at 514 *citing* RCW 42.56.210(3).  When the public entity turns over part of a record but withholds a responsive document without explanation, neither of the triggering events have taken place.  Thus the limitations period relies on "two specific agency responses—a claim of exemption and the last partial production—not simply the agency's 'last' response." *Id.* at 515.  Under this approach, like the approach used by the Eastern District, Mr. Anthony's amendment is timely.

**B.    Mason County Has Not Shown That They Will Be Unduly Prejudiced.**

Mason County has also argued that the amendment would be unduly prejudicial.  The party opposing amendment bears the burden of showing prejudice.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Although Mason County argues the merits of the

---

[1] At the time of this case the PRA statute of limitations was 2 years rather than the present 1 year, but the reasoning applies in the same manner.

amended claim in an effort to establish futility, neither they nor the Court can identify substantial

prejudice to their position.  The witnesses, parties and most of the significant facts have not

changed and the amendment is not anticipated to effect the trial date.  There remains over a

month until the May 19 discovery motion deadline.  Accordingly, Mason County would suffer

no substantial prejudice due to the amended claims.

### C.    Motion to Strike is Granted.

The parties agree that Exh. C to the Declaration of Nathaniel S. Strauss (Dkt. #22) should

be stricken from the record under Fed. R. Ev. 408.  That document is therefore STRICKEN.

### IV.    CONCLUSION

Because Mason County has not shown futility or prejudice, and because the motion to

strike is unopposed, Plaintiff's motions are GRANTED and his amended complaint is deemed

filed.

IT IS SO ORDERED.

Dated this 11th day of April, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE